Argued September 5, affirmed October 16, 1975

BROWN ET AL, *Appellants, v.* BABCOCK ET AL,
*Respondents.*

540 P2d 1402

352

*Edward Ray Fechtel*, of Husband, Johnson & Fechtel, Eugene, argued the cause for appellants. With him on the briefs was Mark Sholander, Eugene.

*Paul D. Clayton*, Eugene, argued the cause for respondents. With him on the brief were Luvaas, Cobb, Richards & Fraser, Eugene.

TONGUE, J.

This is an action at law for damages allegedly suffered by plaintiffs as the result of legal malpractice by the defendant attorneys in the defense of a suit against the plaintiffs to foreclose a land sale contract. The case was tried before a jury, which returned a verdict for defendants.

In appealing from the resulting judgment plaintiffs' sole assignment of error is that the trial court erred in refusing to instruct the jury, as a matter of law, that plaintiffs' action had been brought within the time allowed by the statute of limitations and that the jury was to therefore disregard defendants' affirmative defense relating to the statute of limitations.

In considering this contention the following time sequence of events is important:

On July 1, 1965, plaintiffs purchased a tract of land in Lane County under a land sales contract.

On April 27, 1970, the sellers filed a suit for strict foreclosure of that land sales contract. Plaintiffs then employed defendants to represent them in that suit.

On June 1, 1971, that suit was tried and the court held that plaintiffs (the defendants in that case) were in default under the terms of the contract.

On July 9, 1971, an interlocutory decree of foreclosure was entered in that case allowing a period of 60 days (expiring September 7, 1971) in which to pay the entire contract balance, plus unpaid taxes, interest and attorney fees.

On September 16, 1971, no tender having been made of the amounts specified in the interlocutory decree, a final decree of strict foreclosure was entered.

On September 14, 1973, plaintiffs filed this action and on November 13, 1973, an amended complaint was filed alleging that defendants were negligent by (1) failing to raise a valid defense of rescission; (2) failing to raise the issue of a timber trespass committed by one of the plaintiffs in the foreclosure suit; (3) failing to plead over after a demurrer was sustained against certain allegations; (4) failing to call crucial witnesses; (5) failing to timely serve notice of appeal; (6) failing to conduct negotiations for settlement; and (7) failing to make a tender of a sum sufficient to pay the judgment, thus permitting the period of redemption to expire.

Defendants' answer, in addition to denying these allegations and in addition to the affirmative defense of the statute of limitations, alleged that plaintiffs were contributorily negligent in (1) failing to follow

the advice and instructions of defendants; (2) failing to cooperate with them; (3) failing to secure financing sufficient to pay the judgment; (4) misstating facts to the defendants pertaining to such financing; and (5) misrepresenting to defendants that plaintiffs had sufficient funds to pay the judgment.

The issues of fact arising from these various allegations of the parties were submitted to the jury under instructions of which plaintiffs do not complain—except for the failure of the trial court to withdraw from the jury the defense of the statute of limitations.

Plaintiffs contend that this action was timely brought as a matter of law because it was originally filed on September 14, 1973, which was within two years after the date of the entry of the final decree of strict foreclosure on September 16, 1971. Plaintiffs also contend that the proper rule applicable in such a case is that the statute of limitations for such an action does not start to run at least until the damage has occurred; that the date of such damage was the date of the entry of the final decree, and that "at no time prior to the entry of that final decree had plaintiffs suffered the injury about which they are now complaining" (the loss of their equitable interest in the land they were purchasing).

In support of such a rule plaintiffs quote as follows from *Budd v. Nixen,* 6 Cal 3d 195, 98 Cal Rptr 849, 491 P2d 433 (1971):

"* * * Hence, until the client suffers *appreciable harm* as a consequence of his attorneys negligence, the client cannot establish a cause of action for malpractice. Prosser states the proposition succinctly, 'it follows that the statute of limitations does not begin to run against a negligence action until *some damage* has occurred.' " (Emphasis added)

Plaintiffs also quote from *Blondell v. Beam,* 243 Or 293, 298, 413 P2d 397 (1966), as holding that an interlocutory decree of strict foreclosure "is not a decree which immediately, finally and completely cuts off the vendee's equitable interest in the property."[1]

■ We need not decide in this case whether the rule proposed by plaintiffs is the proper rule for application in an action for damages against an attorney for legal malpractice. Assuming, however, that the proper rule for application in such a case is as stated by plaintiffs, we nevertheless disagree with the conclusion that no damage was suffered by plaintiffs until the entry of the final decree of strict foreclosure on September 16, 1971.

■ The question of when the fact of damage occurs for the purpose of the running of the statute of limitations may be a question of law in some cases. In other cases, however, it may be a question of fact. See *Budd v. Nixen, supra* at 854. In this case, upon the entry of the interlocutory decree of foreclosure it was determined that plaintiffs were in default and they were required to not only raise funds sufficient to pay the entire balance of the land sales contract, but also to pay taxes, interest and attorney fees. By the terms of that decree they were allowed a period of 60 days, and no more, in which to do so. Upon the expiration of that period plaintiffs lost their right of redemption.

The evidence was in conflict in this case whether plaintiffs had, or could raise, sufficient funds to

---

[1] Plaintiffs also cite *Hall v. Cornett et al,* 193 Or 634, 643, 240 P2d 231 (1952), and Prosser, The Law of Torts 143 (4th ed 1971). But see Annot., 18 ALR3d 978, 986. See also *Citizens Ins. v. Signal Ins. Co.,* 261 Or 294, 297, 493 P2d 46 (1972). Cf. *Berry v. Branner,* 245 Or 307, 311-12, 421 P2d 996 (1966); and *Frohs v. Greene,* 253 Or 1, 4, 452 P2d 564 (1969), involving medical malpractice cases.

pay the amount required by the terms of the interlocutory decree. A jury, proceeding under proper instructions from the court, could have properly found from this and other evidence that at least "some damage" and "appreciable harm" occurred either upon the entry of that interlocutory decree of foreclosure or at the expiration of the period for redemption on September 7, 1971, as provided by the terms of that decree. More than two years elapsed from that date before the filing of this action on September 14, 1973. Indeed, the instructions to the jury on this subject were based upon instructions prepared and submitted by plaintiffs themselves and they have conceded that "our instruction on the applicable law was given."[2] Presumably, the jury properly applied the rule of law as stated in that instruction to the facts of this case.

■ Plaintiffs urge as an alternative the adopting of the "continuous treatment doctrine" and say that under such a rule "[t]he statute of limitations would begin to run thereon from the last date of the continuous negligent treatment."[3] The last act of negligence complained of by plaintiffs was the failure to make a tender of funds sufficient to pay the amounts required by the interlocutory decree and that alleged

---

[2] The instructions given by the court on this subject were as follows:

"Now, the defendants have alleged that they did not cause the grievances alleged in plaintiffs' amended complaint at any time within two years before the commencement of this action. This action was commenced on September 14, 1973. Oregon Law requires that an action such as this for professional malpractice must be brought within two years from the date when the cause of action accrues. I instruct you that the cause of action for professional malpractice accrues at the point in time when the actual damage has been suffered by the plaintiff and thus that the two-year limitation begins to run at that point in time when plaintiff suffers the injury about which he was complaining."

[3] In support of such a rule plaintiffs cite *Wilson v. Economy,* 56 Misc 2d 272, 288 NYS2d 381 (1968). Cf. *Hotelling v. Walther,* 169 Or 559, 563, 130 P2d 944 (1942).

act of negligence also occurred on or prior to the expiration on September 7, 1971, of the period allowed for redemption by the terms of that decree. Plaintiffs say that the "continuous treatment" in this case extended beyond the day of the last negligent act and until at least the date of the final decree. In any event, we need not consider that contention because no instruction based upon a theory of "continuous treatment" was requested at the time of trial by plaintiffs.

In our opinion, the trial court did not err under the circumstances of this case in refusing to hold as a matter of law that plaintiffs' action was timely filed and in submitting that question to the jury. That and other questions submitted to the jury were resolved against the plaintiffs by its verdict.

Finding no error, the judgment of the trial court is affirmed.