Argued and submitted February 13, reversed and remanded May 15, reconsideration denied July 5, petition for review denied July 30, 1985 (299 Or 583)

# FLIEGEL,
*Appellant,*

*v.*

# DAVIS et al,
*Respondents.*

## (82-3516-J-2; CA A32264)

699 P2d 674

Claud Ingram, Eugene, argued the cause for appellant. With him on the brief were Bick and Monte, Eugene.

Patrick Ford, Medford, argued the cause and filed the brief for respondents.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

This is an action for legal malpractice. Plaintiff is the trustee in bankruptcy of Thomas J. Parker and Associates, Inc. (Parker), a former client of defendants' law partnership. Plaintiff alleges that defendants negligently represented Parker in a contract dispute with Lincoln Construction, Inc., resulting in a judgment against Parker for almost $100,000 in damages and attorney fees. The issue is whether plaintiff filed his complaint within the period of the applicable Statute of Limitations. The trial court held that he did not and granted defendants' motion for summary judgment. We reverse and remand.

Parker appealed the original judgment against it, and we reversed. *Lincoln Constr. v. Parker & Assoc.,* 43 Or App 207, 602 P2d 676 (1979). The Supreme Court took review and reversed our decision, reinstating the judgment against Parker. *Lincoln Const. v. Thomas J. Parker & Assoc.,* 289 Or 687, 617 P2d 606 (1980). This action was commenced within two years of the Supreme Court's decision but more than two years after any other significant action in the case. Defendants moved for summary judgment on the ground that the case was time-barred. The trial court granted the motion and dismissed the action. ORS 12.110. The dispositive question is when Parker's claim for relief accrued. If it was not until the Supreme Court issued its opinion, this action was timely filed. If it accrued at some earlier time, the case was filed too late.[1]

In *U.S. Nat'l Bank v. Davies,* 274 Or 663, 548 P2d 966 (1976), the Supreme Court held that a claim for legal malpractice accrues when the plaintiff has both been damaged in fact and knows or should know that the defendant's negligence is the cause of the damage. The fact that a plaintiff has been sued over some action taken as a result of the defendant attorney's advice is not necessarily cause for the plaintiff to know that the defendant was negligent.

"In many situations the closeness of the legal questions involved would make it impossible to ascertain until the

---

[1] Plaintiff also argues that defendants did not assert the Statute of Limitations defense by motion or answer and that they therefore waived it. ORCP 21G(2). As far as the record shows, plaintiff did not oppose defendants' motion on this ground or otherwise raise the issue before the trial court. The Statute of Limitations issue was, therefore, tried by consent and is properly before us. ORCP 23B.

ultimate determination of the case whether it was brought as the result of the attorney's bad advice or whether it was the result of a misapprehension on the part of the party who sued as to his legal rights." 274 Or at 668.

In *Davies,* the plaintiff's decedent, who allegedly had received bad advice on some stock transactions and had been sued as a result, could not be held to know, as a matter of law, that the advice was bad before he settled the case brought against him.

> "There is nothing about the filing of the claim against decedent together with the passage of any arbitrary lengths of time which, *as a matter of law,* demonstrates that decedent should have been aware at a time which makes the claim vulnerable to the statute that his necessity to defend the action was caused by defendants' advice." 274 Or at 669. (Emphasis in original.)

A client comes to a lawyer seeking the lawyer's expertise and is entitled to rely on that expertise in deciding what action to take. It is unrealistic to require a client to recognize that the lawyer's advice is bad, even after being sued for acting on it, until there no longer exists a realistic possibility that a court will hold that the advice was good. In explaining its holding in *U.S. Nat'l Bank v. Davies, supra,* the Supreme Court recently stated:

> "[T]he crux of *Davies* is this: We were unwilling to hold decedent to awareness of his attorneys' malpractice until the litigation precipitated by the attorneys' advice was resolved. The resolution of the issue presented in the first action, the legality of the stock payments, would alert plaintiff to the existence or nonexistence of a malpractice claim. If the stock payments were found legal, plaintiff would have no reason to believe a malpractice claim existed. If the stock payments were found to be illegal, decedent would then be aware that the propriety of his attorneys' advice was open to challenge." *Jaquith v. Ferris,* 297 Or 783, 787, 687 P2d 1083 (1984).

We understand that the first sentence of that statement states the rule and that the last two sentences were intended to be illustrative of the first sentence.

Our original decision in the previous case gave Parker no reason to believe that its attorneys were guilty of malpractice. It was not until the Supreme Court reversed our decision and, thus, concluded the entire case that Parker could have *known* that its attorneys' advice was negligent. To hold

otherwise would be contrary to *U.S. Nat'l. Bank v. Davies, supra,* as explained in *Jaquith v. Ferris, supra,* and would imply that Parker should have hired a different attorney to sue defendants for negligence while defendants were still representing Parker on appeal. We see no reason to encourage the interference with the attorney-client relationship and the rash of precautionary lawsuits that such a rule would produce.[2] This action was timely.

Reversed and remanded.

---

[2] In *St. Paul Fire & Marine Ins. v. Speerstra,* 63 Or App 533, 666 P2d 255, *rev den* 295 Or 773 (1983), we held that the limitations period began to run when the court entered judgment against the plaintiffs in the original case. Our analysis focused on when the plaintiffs suffered harm, not on when they knew or should have known that the attorneys' negligence caused the harm. In any event, our holding in *Speerstra* is of questionable authority in the light of the Supreme Court's explanation of *U.S. Nat'l. Bank v. Davies, supra,* in *Jaquith v. Ferris, supra.*