Argued and submitted April 27, reversed and remanded July 8, reconsideration denied August 28, petition for review denied October 6, 1987 (304 Or 240)

## SMITH,
*Appellant,*

*v.*

## MENSING et al,
*Respondents.*

(A8504-02281; CA A40546)

739 P2d 595

Michael A. Greene, Portland, argued the cause for appellant. With him on the brief were Jose R. Mata and Rosenthal & Greene, Portland.

Ridgway K. Foley, Jr., Portland, argued the cause for respondent Raymond F. Mensing, Jr. With him on the brief were Cynthia S.C. Shanahan, James P. Martin, Schwabe, Williamson, Wyatt, Moore & Roberts, Patrick N. Rothwell, C. Anderson Griffith and Hallmark, Griffith & Keating, Portland.

Patrick N. Rothwell, Portland, argued the cause for respondent William F. Whitely. With him on the brief were C. Anderson Griffith, Hallmark, Griffith & Keating, Ridgway K. Foley, Jr., Cynthia S. C. Shanahan, James P. Martin and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Before Warden, Presiding Judge, and Joseph, Chief Judge, and Van Hoomissen, Judge.

WARDEN, P. J.

Joseph, C. J., dissenting in part; concurring in part.

## WARDEN, P. J.

In this malpractice action, the trial court entered judgment for defendants, both attorneys, after granting their ORCP 21A motions to dismiss on the ground that the action was not commenced within the applicable Statute of Limitations. Plaintiff appeals, and we reverse.

■■ The Statute of Limitations in legal malpractice actions is two years. ORS 12.110(1); *Godfrey v. Bick & Monte,* 77 Or App 429, 432, 713 P2d 655, *rev den* 301 Or 165 (1986). That period does not begin to run until the plaintiff has been damaged and becomes aware, or reasonably should have become aware, that the defendant's negligence has caused the damage. *U.S. Nat'l Bank v. Davies,* 274 Or 663, 667-69, 548 P2d 966 (1976). The material issue in this case, therefore, is whether the facts alleged in plaintiff's second amended complaint establish that he knew, or reasonably should have known, that he was damaged by defendants' alleged negligence before April 11, 1983, more than two years before he filed the complaint.

Defendants represented plaintiff when he leased, and subsequently sold, a business to Langley. Langley was to provide instruments conveying his equity in three parcels of real property to plaintiff as security, and those instruments were to be held in escrow by defendant Whitely. Plaintiff alleges that defendants failed to obtain the security instruments and to establish the escrow. The chronology of relevant events, taken from the second amended complaint, follows:

| Date | Event |
|---|---|
| June 12, 1974 and May 15, 1975 | Whitely prepares the sublease agreements concerning the business, wherein Langley agrees to provide security instruments on the three parcels of real estate, the instruments to be held in escrow by Whitely; the agreements grant Langley an option to purchase. |

| | |
|---|---|
| January 1, 1976 | Defendant Mensing prepares an agreement to sell plaintiff's business to Langley, wherein the security under the subleases would continue to secure the sale of the business. |
| March 22, 1977 | Langley asks for and receives from plaintiff a release of the security interest in one of the three parcels of real estate. |
| January, 1980 | Langley makes last payment on the sales agreement and then defaults, leaving a substantial unpaid balance due to plaintiff. |
| | Plaintiff participates in a meeting with Whitely and Langley's attorney in which plaintiff was asked by Langley's attorney and advised by Whitely to release his security interests in the remaining two parcels of real estate. Plaintiff refuses. |
| May 6, 1983 | Plaintiff learns for the first time that he does not have security interests in the properties. He consults another attorney, who writes to Whitely requesting an explanation of plaintiff's security interests in the properties. |
| May 25, 1983 | Whitely calls that attorney and states that he is sure that plaintiff has enforceable security interests in the properties. |
| April 11, 1985 | Plaintiff files this action. |

Defendants argue that plaintiff was on notice of sufficient facts so that he should reasonably have discovered the absence of enforceable security interests shortly after the time

of Langley's default. That argument, however, overlooks the allegation that Whitely advised plaintiff at or near the time of default that he should release his security interests in the remaining two parcels of property. That advice, from a legal advisor, might reasonably have led plaintiff to believe that he held enforceable security interests. We cannot say, as a matter of law, that he should reasonably have investigated the status of his security at or near the time when Langley defaulted.

Furthermore, there are no other allegations in the second amended complaint of facts that would have, or reasonably should have, put plaintiff on notice as a matter of law of defendants' alleged negligence before April 11, 1983. On the basis of the complaint, therefore, we cannot say as a matter of law that the Statute of Limitations has run.

Reversed and remanded.

**JOSEPH, C. J.,** dissenting in part; concurring in part.

The only purely factual allegations respecting Mensing relate to the period on or before January 1, 1976; the only other allegations respecting him, the specifications of negligence in paragraph 12, necessarily relate only to the period before Langley's default in January, 1980. There are no allegations that Mensing participated with, or is responsible for the actions of, Whitely *before or after* that date. When Langley defaulted, plaintiff should have looked to his security. Mensing did nothing to divert him from doing that and should have the benefit of plaintiff's "strategy." Therefore, I dissent from the majority insofar as it reverses the judgment for Mensing. I concur with respect to Whitely.[1]

---

[1] I recognize some difficulty in saying that plaintiff should have discovered Mensing's negligence but not Whitely's. However, paragraph 13 does contain factual allegations that relate to Whitely's conduct in the two-year period before the complaint was filed.