ACCEPTED
03-14-00553-CV
4106640
THIRD COURT OF APPEALS
AUSTIN, TEXAS
2/11/2015 11:51:51 AM
JEFFREY D. KYLE
CLERK

## CAUSE NO. 03-14-00553-CV

Steven Paul Wilson,      §
         Plaintiff      §
       §
v.      §
       §
Charles C. Dorbandt,      §
         Respondent      §

IN THE COURT OF APPEALS

3RD DISTRICT OF TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
2/12/2015 11:51:51 AM
JEFFREY D. KYLE
Clerk

## APPELLEE'S MEMORANDUM IN ANSWER TO APPEALLANT'S BRIEF

TO THE HONORABLE JUDGES OF SAID COURT:

NOW COMES Respondent-Appellee Charles C. "Chris" Dorbandt, in response to Appellants Brief.

I believe the 335th Judicial District Court of Lee County ruled correctly on my Motion for Summary Judgment. Plaintiff had notice of the hearing which is attached to Appellant's brief.

All matters of law and fact have been adjudicated in Lee County District Court Cause Nos. 7004-1 and 7036-1 by the 21st Judicial District Court, Judge Carson Campbell, presiding. This concerned Plaintiff's Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction Under CCP Article 11.07. The Court of Criminal Appeals has denied Plaintiff's relief and denied his Motion for New Trial. Therefore, judgment is final in the criminal cases.

Page **1** of **5**

Plaintiff now asserts that Respondent-Appellee committed malpractice by lying to Plaintiff about the facts and circumstances of the underlying criminal cases. Respondent-Appellee never once lied to Plaintiff or anyone else about anything – not once, nor did Respondent hide evidence from Plaintiff. Respondent handled Plaintiff's case in a careful consistent manner, explaining to Plaintiff every step of the process and what the possible and potential legal outcomes could and would be. Plaintiff acknowledged every step to Respondent-Appellee.

Respondent enters two (2) affirmative defenses to the prosecution of any and all claims that Plaintiff asserts. 1) The Statute of Limitations is a complete defense to this civil suit in that Counts 1 – 10, as alleged in Plaintiff's original petition. A cause of action for legal malpractice is in the nature of a tort and is thus governed by the two-year limitation statute. Willis v. Maverick, 760 S.W. 2d 642,644 (Tex. 1988). Plaintiffs alleged events occurred in 2009 and 2010.

Plaintiff's legal malpractice claim derives from his 2010 Motion to Adjudicate and Motion to Revoke Probation sentencing hearing, respectively, since Plaintiff had previously entered a Plea of Guilty to both cases – the Aggravated Assault on Peace Officer with Deadly Weapon (F-1)

and Driving While Intoxicated (subsequent offense – third or more)(F-3). At the sentencing hearing, the Honorable Judge Reva Towslee had access to and did review Plaintiff's Pre-Sentence Investigation (PSI) Report prepared by Lee County CSCD. Plaintiff had a laundry list of criminal offenses dating back to 1999, including a Federal prison sentence of 10 years. Additionally, Plaintiff also had an extensive history of alcohol and illegal substance abuse. Therefore, Plaintiff cannot claim that but-for Respondent's breach of duty, Judge Towslee would have set aside Plaintiff's Plea of Guilty, criminal record, alcohol and substance abuse history and that Plaintiff would have prevailed in the underlying cases.

No Evidence of Slander, Libel and Defamation of Character Claim

To prove a cause of action for Slander, Libel, and Defamation of Character, Plaintiff must show that Respondent: 1) expressed a statement of fact, orally or in writing; 2) that the statement was defamatory; 3) that the statement was false; 4) that Respondent was negligent in making the false and defamatory statement; and 5) that Plaintiff suffered damages as a result. Civ. Prac. & Rem. Code, Sec. 73.001, 73.005; *See, Brown v. Swett & Crawford of Texas, Inc.*, 178 S.W.3d 373, 382 (Tex. App.-Houston [1

Dist.] 2005, no pet.). Plaintiff has no evidence of any of the five essential elements of his claim for which he has the burden of proof at trial.

Statute of Limitation Precludes Slander, Libel and Defamation Claim

The Texas Civil Practice and Remedies Code expressly states the statute of limitation for a libel and slander cause of action is one (1) year "after the day the cause of action accrues." Civ. Prac. & Rem. Code, Sec. 16.002 (a). Plaintiff alleges Respondent caused Slander, Libel and Defamation of Character at Plaintiff's original sentencing date of April 20, 2010. Plaintiff's Original Petition was filed April 9, 2014. Thus, more than one (1) year passed since alleged statements and the claim of Slander, Libel and Defamation and is therefore barred by the Statute of Limitations.

Respondent-Appellee prays this Honorable Court upholds the district court's granting of summary judgment.

Respectfully submitted,

Chris Dorbandt & Associates, PLLC
Attorneys & Counselors at Law
7000 N. Mopac Expwy., Ste. 200
Austin, TX 78731
Tel: 512.407.9700
Fax: 512.407.9701
Email: cdorbandt@austin-law.com

Charles C. Dorbandt
SBN: 90000837

## CERTIFICATE OF COMPLIANCE

I hereby affirm that this Memorandum complies with the Texas Rules of Appellate Procedures regarding text and footnotes. This document contains 4,503 words.

## CERTIFICATE OF SERVICE

By my signature above, I certify that a true and correct copy of the foregoing Appellee's Memorandum in Answer to Appellants' Brief was sent to Plaintiff via US Mail as follows: Steven Paul Wilson, TDCJ No. 01638937, Allan B. Polunsky Unit, 3872 FM 350 South, Livingston, TX 77351 on February 11, 2015.

## NOTICE OF CHANGE OF ADDRESS

Effective February 1, 2015, the firm has moved. Our new address is 7000 N. Mopac Expwy., Ste. 200, Austin, TX 78731. The phone and fax numbers remain the same.