Argued and submitted July 16, affirmed as modified and remanded for entry of an amended judgment consistent with this opinion October 13, 1980, reconsideration denied January 22, petition for review denied March 31, 1981 (290 Or 727)

## PAPADOPOULOS,
*Appellant,*

*v.*

## OREGON STATE BOARD OF HIGHER EDUCATION,
*Respondent.*

## (No. 70049, CA 15227)

617 P2d 931

Dennis Sarriugarte, Salem, argued the cause for appellant. With him on the briefs was Michael Papadopoulos Ph.D., Salem.

Jan P. Londahl, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James M. Brown, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

JOSEPH, P.J.

## JOSEPH, P.J.

On remand after our previous decision in this case (*Papadopoulos v. Bd. of Higher Ed.,* 14 Or App 130, 511 P2d 854, *rev den* (1973), *cert den* 417 US 919, 94 S Ct 2626, 41 L Ed 2d 224 (1974)), the trial court entered a judgment in plaintiff's favor for $18,333 and denied costs. Plaintiff subsequently filed a motion to reopen the case and a motion to reconsider, both of which were denied. Plaintiff has appealed from the judgment and from the order denying his motions.

Defendant properly points out that plaintiff has not made assignments of error and has not complied with other aspects of Rule 7.19, Rules of Appellate Procedure. We would be justified in refusing to consider the case further for that reason. Generally, hereafter we will refuse to consider assignments not properly made; however, in the probably and tragically vain hope of encouraging an end to more than a decade of litigation, we have given full consideration to the plaintiff's urgings and arguments. We find that only one of them has merit, and we will remand the case for entry of an amended judgment.

The factual background of this case is well set out in our prior opinion: 14 Or App at 135-153; and it need not be repeated. In that opinion Chief Judge Schwab wrote:

"Instead, it appears that petitioner is entitled to money damages in the form of what his salary would have been for the 1970-71 academic year less the amounts he did earn or reasonably could have earned during that period. *** However, as noted, we have not had the benefit of full argument on the remedy issue, and there is no evidence in the record on petitioner's mitigation, i.e. what he did earn or reasonably could have earned during the 1970-71 academic year. Therefore, upon remand the circuit court will explore and, if necessary, hear evidence on the remedy issue. ***

"* * * * *

"In summary, we hold: (1) The notice of termination of employment petitioner received was too tardy,

under the Board's regulations, to terminate petitioner's employment effective June 1970; (2) therefore, under the same regulations petitioner had an expectation of continued employment until June 1971; (3) petitioner's expectation of continued employment was a property interest within the meaning of the Due Process Clause — he could not be deprived of continued employment until June 1971 with a pretermination hearing; (4) such a hearing had to comply with the requirements of the Administrative Procedures Act, ORS chapter 183; (5) petitioner was not accorded a pretermination hearing that complied with the Administrative Procedures Act. Thus, to the extent that the circuit court affirmed the petitioner's discharge effective June 1970, that determination is reversed and remanded for further proceedings on petitioner's damages for the 1970-71 year. In all respects the circuit court's decision is affirmed." 14 Or App at 178-179.

The order on remand was not entered as a judgment in the circuit court until May, 1975; even then the matter did not quickly come on for further proceedings. In 1975 plaintiff filed an action in the federal district court for Oregon arising out of the same facts. A summary judgment for the defendants in that action was entered and upheld on appeal by the Ninth Circuit Court of Appeals.[1] Plaintiff also filed a similar action in the Multnomah County Circuit Court, which gave *res judicata* effect to the federal court decision and dismissed the state action. That determination was not appealed.

In this case in 1977, plaintiff filed for leave to amend his second amended petition insofar as necessary to convert what was originally a petition for review of an administrative agency decision into a complaint for legal and equitable relief. The motion was denied when the matter finally came on for hearing on the remand in June, 1979.

The trial court determined that plaintiff's 1970-71 academic year salary would have been

---

[1] Or so we were told in the briefs and on argument. The federal Court of Appeals' decision was apparently unreported.

$15,000 plus two months additional salary for summer work in 1970 and that there was no "mitigation." The court instructed plaintiff's counsel to submit a memorandum on the allowance of interest, but none was ever filed. The court entered judgment in a form submitted by defendant and denied the post-trial motions.

Plaintiff asks that we do several things. First, he would have us "reconsider" our original decision because, he says, "This court's decision has precluded him from his civil remedies in all other courts" and because it improperly decided or "ignored" issues involved. With regard to the preclusion claim, we restrict our response to saying that the wrong carpenter is being blamed for the construction of the bed plaintiff finds himself in. That the remedies available under the administrative review procedure initiated by plaintiff and his original counsel was more limited than other procedures might have been and that other courts in other cases might have erred in determining plaintiff's claims are not chargeable to the merits of our decision. With respect to the "ignored issues" claim, we are satisfied that they were either dealt with correctly or were not before the court in an administrative review proceeding. We decline to reconsider our original decision.

■        Second, he asserts that the circuit court erred in interpreting the scope of our remand. He is wrong. The circuit court exercised its authority in precise conformity to the remand.

■        Third, plaintiff argues that the trial court "abused judicial authority and judicial discretion by denying the motion to reopen the case on the grounds of newly-discovered evidence and without even allowing plaintiff *** oral argument ***." On this point we agree with defendant's brief:

> "There are so many conceptual and legal muddles in plaintiff's articulate and quite energetic brief that clearing up the difficulties would be tortuous and pointless. But it is at least plain that plaintiff's brief bears little or no relation to the Motion to Reopen

Case which it purports to argue should not have been denied. Plaintiff has not pleaded breach of contract and cannot now offer testimony relevant to such a claim; he has not pleaded an action for defamation and testimony regarding such a claim would not be relevant; and he was granted relief for the constitutional violation and the administrative rule violation on which the constitutional claim was premised. ***"

The motion was denied without oral argument, although the relevant local rule provided for oral argument in mandatory terms. Nonetheless, it is plain on the face of the motion and from plaintiff's own affidavit attached to the motion that the matters sought to be raised were either not material to the only matter properly before the court on remand or had already been the subject of the remand hearing and would have added nothing of import to the record. Furthermore, the motion and affidavit (with a number of exhibits) speak well for themselves. We are not at all persuaded that denial of oral argument, if it was done in violation of the local rule, is a matter compelling a remand for argument.

■　　Fourth, and last, plaintiff asserts that to allow him merely the amount of salary he would have been paid in 1970-71 without interest was improper.[2] We

---

[2] The evidence at the remand hearing is well summarized in defendant's brief:

"At the hearing held June 7, 1979 to determine the amount of plaintiff's damages, there was evidence that plaintiff's previous employment with Oregon State had been compensated at a rate of $15,000 per academic year *** and that he normally was granted a summer employment as a researcher at a commensurate rate. *** Plaintiff testified as to the fringe benefits associated with employment as a professor of mathematics *** although there was no testimony indicating a monetary value for those benefits. No evidence was introduced relevant to the issue of adjustments for inflation and no evidence on the issue of interest was introduced, although plaintiff's counsel did state 'Let me ask about interest, Your Honor. If he had had the money, at least it could have drawn interest.' *** Some mention of inflationary adjustment may have been made in closing argument, because the court stated, at the conclusion of the argument, 'I don't think I can make any adjustment for inflation. The novel approach to it and in the absence of some concrete authority that ought to be done, I would decline to do that.' *** No request for costs and attorney fees was made prior to the Motion to Reconsider. At the conclusion of the hearing, the

agree that interest ought to have been allowed, even though plaintiff's counsel failed to respond to the court's request for authority on the point and failed to submit a judgment, as he was directed to do. A month after the hearing the court signed a judgment submitted by defendant.

■    One of the thrusts of our original opinion was that the trial court was to determine what *monthly* salary plaintiff would have received during 1970-71. The only evidence at the hearing on remand was that that amount was $1,666.67, payable on the last day of 11 consecutive months, the first of which was July, 1970. ORS 82.010(1)(a) provided in the relevant years:

"(1) The legal rate of interest is six percent per annum and is payable on:

"(a) All moneys after they become due; ***."

Under our decision those monthly payments had become "due" serially, beginning July 30, 1970, and plaintiff was entitled to simple interest thereon.

Using the statutory interest rate, we calculate the total interest that should have been allowed as of July 6, 1979, was $9,371.80.[3] In a sense this gives the plaintiff the benefit of delay for which he was himself responsible, but it does not appear that the defendant has at any time since our original opinion tendered plaintiff any payment whatsoever, not even the $15,000 which it asserted at the hearing was the minimum salary plaintiff would have received.

---

Court granted plaintiff $15,000 and an additional sum for summer employment. The Court also stated that, 'I rather assume he'd be entitled to [interest].' *** and asked plaintiff's counsel to prepare a 'form of judgment.' *** Some difficulty not reflected in the record must have occurred, because the final order, filed a month later, appears on Department of Justice forms and does not include interest."

[3] We concede that plaintiff is considerably more qualified than we to make the requisite calculation. On remand he will be entitled to challenge our calculation by affidavit using the same assumptions: $1,666.67 payable on the last day of July, 1970, and an equal amount on the last day of each of the succeeding 10 months at six percent simple interest to and including July 6, 1979.

The amended judgment will, of course, bear interest at the statutory rate applicable when the remand judgment was entered in 1979. Plaintiff ought also to be allowed costs and disbursements as the prevailing party.

Affirmed as modified and remanded for entry of an amended judgment consistent with this opinion.[4]

---

[4] We are at pains to express something that ought to go without saying: Our remand is limited strictly to the modification of the judgment; only our arithmetic and the amount of costs and disbursements to be allowed are in issue.