Argued and submitted November 9, 1988, reversed and remanded for further
proceedings February 22, 1989

JARRETT et al,
*Respondents,*

*v.*

UNITED STATES NATIONAL BANK OF OREGON,
*Appellant,*

PAUL SCHATZ FURNITURE CO.,
*Defendant,*

SCHATZ,
*Respondent.*

(A8205-02951; CA A46184)

768 P2d 936

Bruce A. Rubin, Portland, argued the cause for appellant. With him on the briefs was Miller, Nash, Wiener, Hager & Carlsen, Portland.

Barrie J. Herbold, Portland, argued the cause for respondents Charlotte N. Jarrett and Phyllis O'Byrne. With her on the brief was Markowitz, Herbold, Stafford & Glade, P.C., Portland.

James C. Maletis, Portland, argued the cause and filed the brief for respondent Paul P. Schatz, Jr.

Before Warden, Presiding Judge pro tempore, and Rossman and Riggs, Judges.

RIGGS, J.

## RIGGS, J.

This is the second appeal in this case. In the first, *Jarrett v. U. S. National Bank,* 81 Or App 242, 725 P2d 384 (1986), we held that U.S. National Bank (Bank) had breached its duty as trustee in permitting a lessee to renew its lease of trust property at below market rent and remanded for a determination of damages. On remand, the trial court determined damages without taking further evidence, and Bank appeals. We reverse and remand.

We summarize the facts as we described them in our former opinion. Paul Schatz, Sr., was the settlor of an *inter vivos* trust. Under the terms of the trust, the income went to Schatz's wife, Eva, after his death. On her death the corpus was to be distributed to their three children. The children are also the beneficiaries of the estate of Eva Schatz. The main asset of the trust was the land and building leased and occupied by the Paul Schatz Furniture Co. (the company), originally owned by Paul Schatz, Sr. Paul Schatz, Jr., controlled the company after his father's death and became the owner on his mother's death. Bank was the trustee.

Plaintiffs[1] alleged that Bank breached its fiduciary duty in 1975 when it improperly allowed the company to exercise a five year lease option and renewed the lease at a below market rental. The trial judge found for Bank and therefore did not consider damages. On appeal, we held Bank liable for breach of fiduciary duty and remanded for a determination of damages. *Jarrett v. U. S. National Bank,* 81 Or App at 249-250. On remand, the trial court refused to take additional evidence and determined damages from the 1984 trial record. It entered judgment in favor of plaintiffs and defendant Paul Schatz, Jr., against Bank.

Bank makes numerous assignments of error. First, it asserts that the trial court erred in denying it the opportunity to present evidence on events that occurred after the 1984 trial. It claims that the evidence might have affected the extent of plaintiff's damages or the method of measuring them. The trial court held that it did not have the power to

---

[1] Plaintiffs are Schatz's daughters. Paul Schatz, Jr., is a defendant in both his individual capacity and as a personal representative of the estate of Eva. His interests are the same as plaintiffs; all three are respondents in this appeal.

take additional evidence after remand from an appellate court. That was wrong.

■ ■ In this case, we remanded for a determination of damages. We did not finally determine all of the issues, which we would have done if it had been possible. *See Public Market of Portland v. City of Portland,* 179 Or 367, 170 P2d 586, *cert den* 330 US 829 (1946); *S.E. Portland Lumber Co. v. Corey,* 150 Or 97, 108, 42 P2d 931 (1935). Our not doing so was an indication to the trial court that we could not and that we expected the trial court on remand to take any additional evidence that it believed was necessary for a final determination. *See Widmer et ux v. Leffelman,* 196 Or 401, 406, 249 P2d 476 (1952); *Oliver v. Skinner and Lodge,* 190 Or 423, 455, 226 P2d 507 (1951); *Lowe v. Harmon,* 179 Or 311, 169 P2d 887 (1946).[2] The trial court erred when it held that it had no discretion to take new evidence.

On remand, the trial court should decide what evidence to take in order to determine damages. It need not take evidence that is cumulative, nor must it give the parties a second chance to try the case. On the other hand, for example, the expert testimony at the original trial was based on the assumption that the lease would continue for twenty years. Evidence that that assumption was incorrect might affect the accuracy of the damages testimony given in the first trial. *See Larson v. Heintz Construction Co.,* 219 Or 25, 72, 345 P2d 835 (1959); *Waldow v. Waldow,* 189 Or 600, 604-05, 221 P2d 576 (1950). We leave the other evidentiary matters that Bank raises on appeal to the discretion of the trial court.

Bank's next assignment is that the trial court should not have awarded prejudgment interest, because the amount of damages were not readily ascertainable, interest was not prayed for and there was no self-dealing by Bank. We disagree.

■ Allowance of interest in an equitable action is a matter within the discretion of the court and depends on the

---

[2] Even when a trial court has no discretion and must do a specific act, it has the discretion to determine how to do that act within the limitations that the appellate court sets. *See Ross v. Robinson,* 174 Or 25, 42, 147 P2d 204 (1944); *Papadapoulous v. Board of Higher Education,* 48 Or App 739, 744, 617 P2d 931 (1980), *rev den* 290 Or 727, *cert den* 454 US 802 (1981).

circumstances of each case. It may be allowed under a prayer for general equitable relief, regardless of whether interest was prayed for in the complaint. *Stephen v. Equitable Savings & Loan Ass'n.*, 268 Or 544, 573, 522 P2d 478 (1974). A trustee that uses trust funds for its own profit must pay interest, but the trustee must also pay interest when it makes improper investments or fails to use care in selecting investments, regardless of whether the trustee itself is interested in the business undertaking. *Marston v. Myers et ux*, 217 Or 498, 514-15, 342 P2d 1111 (1959); 90 CJS, "Trusts" § 341. Interest is effectively a measure of lost profits. The method for measuring damages that the court used here is well established, and with sufficient data it can produce accurate figures. The damages were ascertainable. In this case it is proper to charge Bank with interest on the damages because of its failure to care diligently for the best interests of the trust.

■ Bank asserts that the court erred in allowing plaintiffs to recover damages for the period before Eva died, when she was the beneficiary of the trust and the children were contingent beneficiaries. We hold otherwise. Bank's breach damaged the entire trust and all of the beneficiaries; plaintiffs were among those damaged and were entitled to recover their damages. *Jarrett v. U. S. National Bank, supra*, 81 Or App at 249, 250.

Defendant asserts that the trial court should have deducted the federal and state income taxes, federal estate taxes and Oregon inheritance taxes that Eva or her estate would have paid on the extra rent from the damages that it awarded to plaintiffs. On remand the trial court found that the record from 1984 was not adequate to make a decision on the tax impact of the award. We recently held that where the damages would have originally flowed through a tax paying entity, it is appropriate for the court to adjust for the additional taxes that would have been paid. *See Chiles v. Robertson*, 94 Or App 604, 642-643, 767 P2d 903 (1989). However, Bank had ample opportunity to raise this issue at the original trial but failed to do so. We leave it to the discretion of the trial court whether it should be allowed to make that argument at this late date.

■ Bank asserts that the trial court should not have awarded damages to Paul Schatz, Jr., because a company that

he controlled benefited from the below market rental price in the lease. There is no legal basis for the argument. Bank committed a breach of trust that damaged all of the beneficiaries of the trust, including Schatz, Jr. Although the company paid below market rent for the property, we previously refused to charge it with knowledge of the breach. *Jarrett v. U. S. National Bank, supra,* 81 Or App at 249.

Reversed and remanded for further proceedings not inconsistent with this opinion.