Argued and submitted February 27, reversed and remanded for further proceedings
May 3, Shultz's reconsideration and Josephine County Title Corp.'s reconsideration
denied July 7, both petitions for review denied September 6, 1989 (308 Or 331)

ROBERTSON et al,
*Respondents,*

*v.*

JESSUP et al,
*Respondents,*

JESSUP,
*Appellant.*

(82-1910-L; CA A46568)

773 P2d 385

Dennis R. Ingram, Grants Pass, argued the cause for appellant. With him on the brief was Ingram & Rich, Grants Pass.

David V. Gilstrap, Ashland, argued the cause for respondents John T. Robertson and Regina Robertson. With

him on the brief was Davis, Ainsworth, Pinnock, Gilstrap & Harris, P.C., Ashland.

Robert H. Grant, Medford, argued the cause and filed the brief for respondent Louis F. Schultz, Jr.

Douglas J. Richmond, Medford, filed the brief for respondent Josephine County Title Corporation. With him on the brief was Kellington, Krack, Richmond & Blackhurst, Medford.

No appearance for respondent Steven C. Jessup.

No appearance for respondent Sherry M. Jessup.

Before Graber, Presiding Judge, and Joseph, Chief Judge, and Edmonds, Judge.

EDMONDS, J.

**EDMONDS, J.**

Defendant Charles Jessup appeals from a judgment in favor of plaintiffs. He assigns as error the trial court's grant of plaintiffs' motion for partial summary judgment on the issue of liability. We reverse.

On April 15, 1980, Dorothy Stone sold real property to Charles and Steven Jessup. As consideration, the purchasers gave Stone a promissory note that was secured by a trust deed. On the same date, plaintiffs purchased a portion of the same real property from Charles, Steven and Sherry Jessup. Both transactions were entered into on behalf of Charles by Steven under the purported authority of a power of attorney that had expired.

Steven did not tell Charles about the transactions before 1981, when Stone instituted a foreclosure proceeding against the Jessups and plaintiffs and served Charles. Charles and Steven discussed hiring an attorney. Charles was not otherwise personally involved in the litigation, never saw the later pleadings and was not made aware of their contents. Steven hired an attorney, who filed an answer on behalf of Steven and Charles, along with a counterclaim against Stone for rescission. The counterclaim asked for a judgment requiring Stone to "ratify"[1] the sale to the plaintiffs. The trial court denied the counterclaim and entered a judgment of foreclosure of the entire parcel.

In 1982, plaintiffs filed this claim against Charles, Steven and Sherry for damages resulting from the foreclosure of their portion of the land. Steven's and Sherry's liability was discharged in bankruptcy. Alternatively, plaintiffs claim that their attorney, Schultz, and Josephine County Title Company

---

[1] The portion of the prayer on which plaintiffs' motion is based reads:

"Defendants also pray for a Decree requiring Plaintiff to ratify the sale made to John T. Robertson and to Regina Robertson, husband and wife and Thomas O. Robertson with an allocation being made to reflect the sale to said Robertsons of a five acre portion previously owned by Defendants. Defendants allege that in the event of rescission, any portion received by Defendants from Robertsons relating to the 14 acres which were included in the transaction between Plaintiff and Defendants should be an offset against the sums required to be paid by Plaintiff to Defendants, and any sums received by Defendants from Robertsons relating to the five acre parcel owned by Defendants and which five acres was not a part of the subject matter of the transaction between Plaintiff and Defendants should not be an offset between Plaintiff and Defendants."

committed professional malpractice by failing to apprise plaintiffs that Steven's power of attorney had expired.

Plaintiffs moved for partial summary judgment on the issue of liability against Charles, arguing that, by instructing Steven to hire an attorney and by filing a pleading in the *Stone* litigation with a prayer requesting relief regarding the contract with plaintiffs, Charles had "ratified" the contract with plaintiffs. Charles testified that he had expected the property to go back to Stone, that his interests would be protected and that he did not want to have anything to do with the transactions. The trial court granted plaintiffs' motion. Charles contends on appeal that there is a genuine issue of material fact as to whether he ratified the contract. ORCP 47C.

■ Plaintiffs renew their argument made to the trial court. Ratification requires (1) the existence of a principal; (2) an act done by a purported agent; (3) knowledge of the material facts by the principal; and (4) an intent by the principal to ratify the act. Ratification can occur either expressly or by implication, but it requires a specific intent to ratify a particular transaction. *Alldrin v. Lucas,* 260 Or 373, 490 P2d 141 (1971).

■ Assuming, without deciding, that Charles authorized Steven to hire an attorney to represent both of them in Stone's foreclosure action, there is an issue of fact as to whether Charles intended a ratification of the contract *with plaintiffs* when the validity of that contract was not in issue in the *Stone* litigation. The prayer of the counterclaim in the foreclosure action requested Stone to "ratify" the sale to plaintiffs. Stone was not the principal in the sale to plaintiffs, and so she could not "ratify" that sale. Significantly, the court was not asked to decide the validity of plaintiff's contract. Whatever the intent of the wording of the Jessups' counterclaim prayer in the foreclosure action, it is subject to more than one reasonable interpretation. Despite the fact that Charles had sought rescission of the Stone contract and did not raise the issue of lack of authority, his efforts to extricate himself from the Stone contract do not compel an uncontrovertible inference that he intended to ratify the contract with plaintiffs. *See Minniti v. Cascade Employers Ass'n,* 280 Or 319, 332, 570 P2d 1171 (1977). Summary judgment was

inappropriate, because more than one reasonable inference can be drawn as to Charles's intent. *See Henderson v. Hercules, Inc.,* 57 Or App 791, 795-796, 646 P2d 658 (1982).

Charles made no assignment of error regarding the damage award that was tried after plaintiffs' motion was granted. Therefore, as to Charles, only the issue of liability should be litigated on remand. If Charles is found liable, the court should reenter the judgment. *See Jarrett v. U.S. National Bank,* 95 Or App 334, 768 P2d 936 (1989).

Reversed and remanded for further proceedings not inconsistent with this opinion.