Submitted on record and briefs March 20, rule held valid July 31, 1991

# NORTHWEST CONNECTION, INC.,
*Petitioner,*

*v.*

# BOARD OF PHARMACY,
*Respondent.*

(CA A64960)

814 P2d 191

James M. Brown and Enfield, Guimond & Brown, Salem, filed the brief for petitioner.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Meg E. Kieran, Assistant Attorney General, Salem, filed the brief for respondent.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Petitioner, a proprietary drug outlet, seeks review of an administrative rule that makes the generic drug "ephedrine" available by prescription only. OAR 855-50-070(2)(c).[1] We hold the rule valid.

At its January, 1990, meeting, the State Board of Pharmacy (board) voted to hold a public hearing on ephedrine, which was then an over-the-counter drug. Various board members expressed concerns that ephedrine was being misused as a diet aid, a stimulant and a precursor substance in the manufacture of methamphetamine. On February 20, the board's executive director filed notice of a March rulemaking hearing. Attached to the notice was, among other things, a proposed rule that made ephedrine a prescription drug. The board met on February 21 and approved the rule draft "for submission to the March rules hearing." At that hearing, two state police officers testified about the use of ephedrine in methamphetamine manufacturing, a longhaul truck driver testified that ephedrine helped his sinus disorder and a drugstore owner testified that her customers used ephedrine to relieve allergies and breathing problems. The board voted unanimously to adopt the proposed rule. Thereafter, the executive director filed a certified copy of the rule with the Secretary of State. ORS 183.355(5).

■ Petitioner points to ORS 689.165(3), which prohibits the board's executive director from performing "any discretionary or decision-making functions for which the board is solely responsible," and argues that it was violated when the

---

[1] The parties refer to the challenged rule as "OAR 855-50-050" but quote and discuss the language contained in OAR 855-50-070. We take the parties' arguments to be directed at OAR 855-50-070. The error in numbering appears to stem from the fact that the rule was originally filed with the Secretary of State as "OAR 855-50-050." Because that rule number had already been assigned, the newly submitted rule was given the number OAR 855-50-070. It provides:

"(1) The following are prescription drugs:

"* * * * *

"(b) Drugs designated as prescription drugs by the Oregon Board of Pharmacy.

"(2) The Oregon Board of Pharmacy designates the following drugs as prescription drugs:

"* * * * *

"(c) Preparations containing ephedrine or salts of ephedrine."

executive director filed the hearing notice *before* the board had officially approved the rule draft. We need not decide whether the drafting and filing of the proposed rule was contrary to ORS 689.165(3), however, because the board's subsequent decision to approve the draft rule ratified the executive director's act, *see Robertson v. Jessup,* 96 Or App 349, 352, 773 P2d 385, *rev den* 308 Or 331 (1989), and no discretionary decision-making function of the board was performed by the executive director.[2]

■ Petitioner also contends that the board lacked statutory authority to classify ephedrine as a prescription drug. ORS 689.025(2) provides:

> "It is the purpose of ORS 689.005 to 689.995 to promote, preserve and protect the public health, safety and welfare by and through the effective control and regulation of the practice of pharmacy and of the registration of drug outlets engaged in the manufacture, production, sale and distribution of drugs, medications, devices and such other materials as may be used in the diagnosis and treatment of injury, illness and disease."

The responsibility for enforcing ORS 689.005 to ORS 689.995

> "is vested in the State Board of Pharmacy. The board shall have all of the duties, powers and authority specifically granted by and necessary and proper to the enforcement of ORS 689.005 to 689.995, as well as such other duties, powers and authority as it may be granted from time to time by law." ORS 689.145.

ORS 689.155(7) authorizes the board to "make such rules as are necessary and feasible for carrying out ORS * * * 689.005 to 689.995." Finally, ORS 689.155(1) specifically authorizes the board to regulate "the sale at retail and the dispensing of medications, drugs, devices and other materials." We conclude that the board was authorized to regulate the sale of ephedrine by making it a prescription drug.

---

[2] Accordingly, we do not decide whether a violation of ORS 689.163(3) would constitute "[non]compliance with applicable rulemaking procedures," so as to invalidate the rule. ORS 183.400.

■■ Petitioner's remaining assignment of error[3] is without merit, because it is based on a mistaken belief that "prescription drugs" are the equivalent of "controlled substances." Although petitioner correctly notes that ORS 475.045 prohibits the board from placing a non-narcotic drug on the schedule of controlled substances if federal and state law allow the drug to be sold over the counter without a prescription, the board's action in this case did not add ephedrine to the schedule of controlled substances. It simply made it a prescription drug. *See* ORS 475.005(6),(18); ORS 689.005(11),(28)(b).

Rule held valid.

---

[3] Petitioner contends that the board was required to "make findings and determinations" before adopting the challenged rule. The statutes contain no such requirement.