# John T. ROBERTSON
## and Regina Robertson,
### *Appellants - Cross-Respondents,*

*v.*

# Steven C. JESSUP,
## Sherry M. Jessup, Charles F. Jessup
## and Josephine County Title Corporation,
## an Oregon corporation,
### *Respondents,*

*and*

# Louis F. SCHULTZ, Jr.,
### *Respondent - Cross-Appellant.*

(82-1910-L; CA A69424)

845 P2d 926

David V. Gilstrap, Ashland, argued the cause for appellants - cross-respondents. With him on the briefs was Ainsworth, Davis, Gilstrap & Harris, P.C., Ashland.

Robert H. Grant, Medford, argued the cause and filed the briefs for respondent - cross-appellant.

No appearance for respondents Jessups and Josephine County Title Corporation.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Plaintiffs appeal and defendant Schultz cross-appeals from a judgment awarding plaintiffs damages for legal malpractice. We reverse and remand on the appeal and affirm on the cross-appeal.

Plaintiffs hired Schultz, an attorney, to represent them in a real estate transaction, and he hired Josephine County Title Corporation (title company) as escrow agent for the transaction, which involved simultaneous conveyances. Margaret Stone was to convey a parcel, subject to a trust deed in which she was the beneficiary, to Steven, Sherry and Charles Jessup, who were then to sell a portion of that land to plaintiffs by a land sale contract, subject to the trust deed. On the morning when the deal was to close, Schultz was notified that Steven would sign for Charles, pursuant to a recorded power of attorney. Schultz asked the title company to review the power of attorney before closing. Neither he nor the title company examined it. The transaction was closed with Steven purportedly signing the land sale contract as attorney in fact for Charles. Plaintiffs paid the Jessups a $25,000 down payment and then $5,834.24 in 18 monthly payments of $324.03. In reliance on the contract, they provided services, alleged to be worth $19,000, to prepare the land for development.

The Jessups defaulted on the Stone trust deed, in breach of the land sale contract with plaintiffs, and Stone foreclosed her trust deed on all of the property, including that being purchased by plaintiffs. Plaintiffs sued the Jessups for breach of contract. The debt of Steven and Sherry to plaintiffs was discharged in bankruptcy. Charles' attorney advised plaintiffs' attorney that Charles was not bound by the contract, because his power of attorney had expired before Steven purported to use it. Until then, plaintiffs had been unaware of that defect. Charles asserted Steven's lack of authority as a defense. However, plaintiffs continued their action against Charles on the theory that he had ratified the contract. They later joined Schultz and the title company as defendants, alleging that each of them was negligent in failing to determine that the power of attorney had expired by its terms and that, if it were determined that Charles had not

ratified the contract, those defendants were liable to plaintiffs. Schultz and the title company cross-claimed against Charles, and against each other, for indemnification.

The trial court granted plaintiffs' motion for partial summary judgment on the issue of Charles' ratification of the contract. The case was submitted to the jury on the sole issue of damages, and judgment was entered on the verdict for $61,000. Charles appealed, and we reversed and remanded for a new trial on the issue of liability only. *Robertson v. Jessup*, 96 Or App 349, 773 P2d 385, *rev den* 308 Or 331 (1989). On remand, plaintiffs accepted $8,000 from Charles and agreed not to execute on any judgment that they might obtain against him. Plaintiffs pursued their claim against Charles, alleging that he is liable to them for breach of contract. They also alleged that, if Charles is not liable on the land sale contract, Schultz's and the title company's negligence caused plaintiffs' damages in the amount of $49,834.24, the total of the payments on the contract and the value of the services that they expended in reliance on the contract.

Schultz's motions for directed verdict were denied, and the case was submitted to the jury, which found that Charles had not ratified the contract and, therefore, was not liable under it. It also found that Schultz and the title company were each 50% at fault for plaintiffs' damages of $49,834.24. The court denied Schultz's motion to deduct from the verdict the $8,000 that plaintiffs received from Charles and denied plaintiffs' motion for prejudgment interest. It entered judgment on the verdict. Plaintiffs appeal the denial of prejudgment interest, and Schultz cross-appeals. We consider the cross-appeal first.

Schultz first argues that his motion for directed verdict should have been granted on the ground that plaintiffs failed to plead and prove that recovery could not have been had against Charles on the contract. A legal malpractice plaintiff must plead and prove that the attorney breached a duty causing foreseeable damages to the client. *Chocktoot v. Smith*, 280 Or 567, 570, 571 P2d 1255 (1977). Plaintiffs pleaded that Schultz was negligent in failing to ascertain that the power of attorney had expired and that that negligence created a foreseeable risk that they might lose all payments

that they made pursuant to the contract and expenditures made in reliance on it. There is evidence to support those allegations. However, Schultz argues that there is evidence that plaintiffs "recovered" against Charles; therefore, he contends, there is no remaining claim against him.

At the time the motion was made, it had not been determined whether Charles was liable; there was only a covenant not to execute on any judgment that plaintiffs might obtain against Charles, for which Charles paid $8,000. If the jury had found Charles liable, because he had ratified the contract, Schultz's argument might be well taken but, even then, not on a motion for directed verdict. Plaintiffs were not required to plead and prove that they were unable to recover from Charles. The verdict established that fact. There was no error.[1]

■ Second, Schultz argues that his motion for directed verdict should have been granted on the grounds that plaintiffs are not the real parties in interest, because they had transferred their interest in the land sale contract to plaintiff John Robertson's father. However, there was evidence that the transfer was made to secure plaintiffs' debt of $25,000 to John's father and that John had made all of the payments on the contract and had performed the services in developing the property. Furthermore, John's father reassigned his interest to plaintiffs before Schultz's and the title company's negligence was discovered. Plaintiffs are the real parties in interest in this action.

■■ Third, Schultz argues that his motion should have been granted, because plaintiffs did not adequately plead and prove applicability of the discovery rule so as to toll the Statute of Limitations. A legal malpractice claim must be commenced within two years of its accrual, ORS 12.110(1), but the limitation period is tolled until the client discovers, or reasonably should have discovered, that the attorney's negligence has caused him damages. *U.S. Nat'l Bank v. Davies*, 274 Or 663, 548 P2d 966 (1976). Plaintiffs did not discover Schultz's negligence until November 19, 1982, and he was

---

[1] Schultz argues on appeal that it was not his negligence that caused plaintiffs' damages, but it was the Jessups' default on the trust deed that caused the damage. That argument is made for the first time on appeal, and we will not consider it.

joined in this action within two years of that date. The only question is whether plaintiffs should have discovered that the power of attorney had expired and that Charles would claim that he could not be held liable for breach of contract for that reason. That question is one of fact, and we cannot say as a matter of law that the Statute of Limitations had run. *Smith v. Mensing*, 86 Or App 285, 739 P2d 595, *rev den* 304 Or 240 (1987).

■　　Furthermore, when plaintiffs joined Schultz, they pleaded, alternatively, that Charles had ratified the contract, in which event they acknowledged that they would have no cause of action against Schultz. Whether Charles had ratified the contract had to be resolved by the jury, and plaintiffs were entitled to await the resolution of that matter before proceeding against Schultz. *U.S. Nat'l Bank v. Davis, supra,* 274 Or at 668. Defendant could have, but did not, request a bifurcated trial, so the claims against both Charles and Schultz were submitted to the jury.

■　　Fourth, Schultz contends that his motion to strike the claim for the value of services should have been granted, because there was insufficient evidence of that value. We may reverse only if there is no evidence that the value of the services was $19,000. *See Brown v. J. C. Penney Co.,* 297 Or 695, 688 P2d 811 (1984). Plaintiff John Robertson, after describing the services that he provided to prepare the property for development, testified that their reasonable value was $19,000. That was sufficient, if believed.

■　　Finally, Schultz argues that it was error to deny his post-trial motion to reduce plaintiffs' recovery by the $8,000 plaintiffs received in their settlement with Charles. The damages alleged in the claim against Charles were for breach of contract, which are different in theory and greater in amount than the damages claimed for Schultz's negligence. A jury in the first trial fixed the amount of damages that Charles, if liable, would have to pay: $61,000. He bought his peace, after remand, for $8,000. Even combining that settlement with the verdict against Schultz, plaintiffs have not been fully compensated for the loss of the property. We see no reason why recovery on one of their causes of action should be reduced by the amount of the settlement of the other.

■    On plaintiffs' appeal, they contend that the trial court erred by refusing to award prejudgment interest on their down payment and monthly payments.

> " 'Prejudgment interest is proper when the exact amount owing is ascertained or easily ascertainable by simple computation or by reference to generally recognized standards and where the time from which interest must run can be ascertained.' The character of the damages, not the claim, is the determinative factor in awarding prejudgment interest; the action need not be on a contract." *Smith v. Williams*, 98 Or App 258, 263, 779 P2d 1057 (1989). (Citations omitted.)

The amount of the down payment and monthly payments was readily ascertainable, as was the date on which each contract payment was made. Plaintiffs are entitled to prejudgment interest on each payment from the date on which it was made. *Laursen v. Morris*, 103 Or App 538, 547, 799 P2d 648 (1990), *rev den* 311 Or 150 (1991).

Reversed on appeal and remanded with instructions to award prejudgment interest; affirmed on cross-appeal.