Argued and submitted February 24, affirmed June 2, appellant's petition for reconsideration filed July 7 allowed by opinion October 6, 1993
See 123 Or App 585 (1993)

Mildred OWEN,
*Appellant,*

*v.*

POZZI, WILSON, ATCHISON,
O'LEARY AND CONBOY,
a partnership,
and David A. Hytowitz,
*Respondents.*

(90 CV 0505; CA A71547)
853 P2d 314

Charles Robinowitz, Portland, argued the cause and filed the briefs for appellant.

Frank A. Moscato, Portland, argued the cause for respondent. With him on the briefs were Deborah L. Sather and Cooney, Moscato & Crew, P.C., Portland.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Plaintiff brought this legal malpractice action against defendants for failing to file a timely request for a hearing on the workers' compensation claim of plaintiff's deceased husband. A jury found in favor of plaintiff. She appeals from the court's denial of her "motion to increase judgment" on her claim for interest. We affirm.

Plaintiff contends that her claim is not for interest on the workers' compensation benefits that the insurer would have been required to pay. She acknowledges that we disallowed such a claim in *Haret v. SAIF*, 72 Or App 668, 697 P2d 201, *rev den* 299 Or 313 (1985).[1] She argues, rather, that she is entitled to interest to compensate her for the loss of the use of benefits between September 1, 1988, and the date of judgment in this action. She argues that the 1988 date is the one by which she would have received all past-due benefits and that those benefits could be calculated from the Workers' Compensation Bulletins and the law. She contends that, once the jury found that she was entitled to benefits, the amount and the date of payment was certain, and, therefore, she is entitled to statutory interest. Plaintiff relies on cases allowing prejudgment interest. *See Public Market Co. v. Portland*, 171 Or 522, 130 P2d 624, 138 P2d 916 (1943); *McKean v. Bernard*, 54 Or App 540, 635 P2d 673 (1981).

Plaintiff did not plead a right to interest. *See Shepherd v. Hub Lumber Co.*, 273 Or 331, 349, 541 P2d 439 (1975). Nonetheless, she contends that her claim was "not exactly prejudgment interest" and that her damages included the loss of use of past-due funds and that defendants did not object to her evidence of what the interest would have been. However, even assuming that plaintiff's general claim for damages and her proof were sufficient to support an award of interest, *see McKean v. Bernard, supra*, 54 Or App at 547, we conclude that plaintiff failed to preserve any error.

In this action at law, whether plaintiff was entitled to interest was a jury question:

> "Although the jury is not required to compute the amount of interest, the verdict must provide for the recovery of interest

---

[1] Effective May 7, 1990, the legislature provided for interest on benefits. ORS 656.313(1)(b).

before the court may include interest in the judgment and compute the specific amount due." *Langfus, Inc. v. Queirolo,* 64 Or App 493, 497, 668 P2d 1245, *rev den* 296 Or 237 (1983).

However, the trial court treated the matter of interest as a question of law, and plaintiff acquiesced in that decision. The court instructed the jury that interest "shouldn't concern you and you shouldn't discuss it." Plaintiff assigns no error to withdrawal of the issue from the jury's consideration, nor to the court's instruction. The special verdict contains no reference to interest. The error, if any, in denying plaintiff's motion to increase the judgment, was not preserved. *See Lithia Lumber Co. v. Lamb,* 250 Or 444, 447, 443 P2d 647 (1968); *State Highway Com'n v. Deal et al,* 191 Or 661, 682, 233 P2d 242 (1951).

Affirmed.