Mildred OWEN,
*Appellant,*

*v.*

POZZI, WILSON, ATCHISON,
O'LEARY AND CONBOY, a partnership,
and David A. Hytowitz,
*Respondents.*

(90 CV 0505; CA A71547)

860 P2d 880

Charles Robinowitz, Portland, for petition.

Frank A. Moscato and Moscato, Byerly & Skopil, Portland, *contra*.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

**De MUNIZ, J.**

Treating plaintiff's petition for review as one for reconsideration of our opinion, 120 Or App 580, 853 P2d 314 (1993), we allow the petition, modify our opinion and adhere to it as modified.

Plaintiff sued defendants for legal malpractice for failing timely to file a request for a hearing on the workers' compensation claim of plaintiff's deceased husband. A jury awarded her damages of $192,000. On appeal, plaintiff argued that the trial court erred in denying her "Motion to Increase Judgment" in the amount of $16,015 as interest. In our opinion, we held that plaintiff waived the right to any claim to interest when she did not object to the court's removing the issue from the jury.

We agree with plaintiff that we erred in relying on *Langfus, Inc. v. Queirolo*, 64 Or App 493, 497, 668 P2d 1245, *rev den* 296 Or 237 (1983), in which a general verdict was submitted to the jury under ORCP 61A. Here, the jury was given a special verdict under ORCP 61B. However, the special verdict does not assist plaintiff.

The gravamen of plaintiff's position is that the amount of certain benefits due to her is readily ascertainable; therefore, *ipso facto*, she is entitled to interest on those amounts. In her petition for reconsideration, she insists that the issue was solely a matter of law. She contends that

> "the trial court told the jury it was removing the issue of interest or damages for loss of use of funds from its consideration. No party objected, and subsequently, the court made a legal ruling that the plaintiff was not entitled to interest. If the court had submitted a general verdict to the jury, *Langfus* might be relevant, but the trial court submitted a special verdict with this issue expressly omitted. The trial court complied with ORCP 61B. in deciding this issue, and the plaintiff waived nothing."

In her petition for reconsideration, for the first time she argues that our decision in *Robertson v. Jessup*, 117 Or App 460, 845 P2d 926 (1992), controls and is in conflict with our holding here. In that legal malpractice action, we held that a down payment and monthly payments that were due

on known dates were ascertainable amounts on which prejudgment interest should have been awarded. She insists:

> "When a plaintiff in a legal malpractice case proves that because of her lawyer's negligence, she was deprived of a specific amount of money by a specific date, the trial court is compelled to award her damages for loss of use of those funds as a matter of law."

We do not agree that *Robertson* requires an award of interest as the issue was tried here. Even if plaintiff is correct that the trial court could have awarded interest on past benefits, it cannot be ascertained from the special verdict whether the jury awarded them.

Plaintiff's position is that once the jury determined that decedent was permanently and totally disabled, it had no discretion in determining the amount of certain benefits. However, that is not the way the issue was presented to the jury. In her opening and responding briefs, plaintiff acknowledged that her "claim was not exactly prejudgment interest" but, rather, was "an element of damage":

> "This Court should note that the plaintiff is not claiming she would have been entitled to interest on her underlying workers' compensation benefits. That is, she is not claiming interest on the money SAIF would have owed her to September 1, 1988. * * *

> "[Plaintiff] is claiming interest to compensate her for the loss of use of the funds which she would have received no later than September 1, 1988, had the defendants performed competently. Mallen and Smith in their treatise, *Legal Malpractice*, recognize the validity of this claim.

>> " 'Interest, as an element of damage, may be recoverable in two situations. First the client may be entitled to recover interest if but for the attorney's negligence the client would have received interest in the underlying litigation or transaction. Second, interest may be awarded to compensate the client for the loss of the use of funds which would have been received had the attorney performed competently....'

> "Mallen and Smith, *Legal Malpractice*, (Third Ed. 1989), § 16.5, p. 897."

Plaintiff's complaint alleged damages in the sum of $385,041. At trial, she presented evidence regarding what the

interest would be on benefit amounts decedent would have received to the date of his death; on benefit amounts that plaintiff and the children would have received while the children were under age 18; and on benefit amounts plaintiff would have received after her children reached the age of 18 to June, 1991. However, also as part of damages, she claimed the loss of future benefits. Her expert testified that damages totalled $385,041.

The trial court withdrew the issue of interest from the jury, and plaintiff did not object; however, the special verdict did not identify the components of her claim for damages. Rather, the jury was asked to award a lump sum: "What are plaintiff's permanent total disability damages?" In the blank next to that question, the jury wrote the single figure of "$192,000." After the verdict, plaintiff filed her motion claiming interest on benefits other than future benefits.

Plaintiff's damage claim was composed of amounts, some of which could be subject to prejudgment interest and some of which could not. It is not possible to determine from the verdict whether the jury awarded damages for benefits upon which prejudgment interest was claimed or, if it did, whether it awarded all that plaintiff asked for. The amounts are not ascertainable. The trial court did not err in denying plaintiff's motion to increase judgment.

Reconsideration allowed; opinion modified and adhered to as modified.