Argued and submitted April 7, reversed June 28, petition for review denied October 31, 1995 (322 Or 228)

Clifford CUTRELL,
dba Cutrell Realty,
*Respondent,*

*v.*

John HOLBROOK,
Carol Holbrook, J.D. Lewis
and Edgar LaFayette,
*Appellants,*

*and*

BALD KNOB LAND & TIMBER CO.,
an Oregon corporation,
*Defendant.*

(92-0161; CA A83677)

897 P2d 1211

Brian D. Cox argued the cause and filed the brief for appellants John Holbrook, Carol Holbrook and Edgar LaFayette.

Daniel N. Gordon argued the cause and filed the briefs for appellant J.D. Lewis.

Edward L. Daniels argued the cause and filed the briefs for respondent.

Before Warren, Presiding Judge, and Landau and Armstrong, Judges.

WARREN, P. J.

## WARREN, P. J.

In this action for intentional interference with contractual relations and breach of contract, defendants appeal from a judgment entered on a jury verdict for plaintiff. We reverse.

Defendant Bald Knob Land & Timber Co. (Bald Knob)[1] owned a parcel of land that it wished to sell. Defendant Lewis purportedly had a partnership interest in the proceeds of the sale of that property. Bald Knob entered into a listing agreement under which plaintiff undertook to sell the property for a commission. That agreement expired on October 9, 1990. On that same date, Bald Knob filed a petition for protection under Chapter 11 of the Bankruptcy Code, 11 USC § 1101 *et seq* (1988 and supp 1993). On October 10, 1990, Bald Knob and plaintiff signed an extension of the listing agreement. Later that month, plaintiff met with defendant John Holbrook (Holbrook), a potential purchaser of the property. At that time, Holbrook had insufficient funds for the purchase. Plaintiff suggested that he contact defendant LaFayette about interim financing. Holbrook told plaintiff to prepare an earnest money agreement, which he did. Holbrook, however, did not sign it.

In November 1990, the extension on the listing agreement expired. In December 1990, Bald Knob received permission from the bankruptcy court to sell the property to LaFayette, who subsequently entered into an agreement with Holbrook and defendant Carol Holbrook to transfer title of the land to them as soon as escrow closed. Plaintiff received no commission on the sale.

Later, plaintiff brought this action, asserting a claim of intentional interference with contractual relations against the Holbrooks and LaFayette and a claim for breach of contract against Lewis. His theory was that defendants had arranged the sale of the property in a manner intended to deprive him of his sales commission. At trial, defendants moved for directed verdict. They argued that the contract on which plaintiff's claims were based, the renewed listing agreement, was invalid, because Bald Knob had filed for

---

[1] Bald Knob is not a party to this appeal.

bankruptcy protection on the day before it agreed to extend that agreement. They asserted that, under applicable bankruptcy law, Bald Knob had not properly contracted to extend the listing agreement. The trial court denied the motion and, after the jury returned a verdict in plaintiff's favor on both claims, entered a money judgment against defendants.

Defendants raise numerous assignments of error. Because it is dispositive, we address only their assignment that the court erred in denying their motion for a directed verdict. Defendants, citing several bankruptcy statutes, repeat the argument they made below that the contract on which plaintiff's claims is premised is unenforceable. Plaintiff does not address the merits of defendants' argument. Instead, it argues that "the bankruptcy issue was not timely or properly raised," because defendants did not raise it in their pleadings as an affirmative defense. Plaintiff is wrong.

■ Plaintiff's claims were predicated on the existence of an enforceable contract between Bald Knob and him. Even assuming that defendants were required to plead as an affirmative defense that Bald Knob's petition for protection under Chapter 11 made the contract unenforceable, plaintiff did not object to the introduction of testimony and exhibits about that issue. Under those circumstances, we conclude that plaintiff tried the issue of Bald Knob's bankruptcy and its effect on the listing agreement by consent, and that it is properly before us.[2] ORCP 23 B; *Fliegel v. Davis*, 73 Or App 546, 548 n 1, 699 P2d 674, *rev den* 299 Or 583 (1985).

■■ Turning to the merits, we agree with defendants that the underlying contract on which this action is based is not enforceable by plaintiff. When Bald Knob petitioned for protection under Chapter 11, its property became part of the bankruptcy estate. 11 USC § 541. At that time, Bald Knob became a "debtor in possession" and had the powers and duties of a bankruptcy trustee. 11 USC §§ 1101, 1106, 1107. Section 327 of the Bankruptcy Code allows the trustee of an estate, *with court approval*,[3] to employ professional persons,

---

[2] Defendants moved to amend the pleadings to conform to the evidence, but the trial court denied that motion.

[3] Before receiving court approval, the trustee must submit an application to the court that includes "a verified statement of the person to be employed setting forth the person's connections with the debtor * * *." Bankruptcy Rule 2014(a) (1991).

including real estate brokers. 11 USC § 327(a); *In re Haley*, 950 F2d 588, 590 (9th Cir 1991). *See generally* William M. Collier, 2 *Collier on Bankruptcy* ¶ 327.02 (Lawrence P. King ed., 15th ed 1995) and cases cited therein.

Here, there is no evidence that, at the time that he signed the listing agreement extension, Bald Knob's principal had received court approval, as a debtor in possession, to employ a real estate broker.[4] Without court approval, the contract was not enforceable by plaintiff, because it is the court that "controls the payment of any commission" to plaintiff. *In re Haley*, 950 F2d at 590. It follows that plaintiff's claims for intentional interference with contractual relations and breach of contract fail, because there is no underlying enforceable contract on which plaintiff can base those claims. Therefore, the court erred in denying defendants' motion for a directed verdict.

Reversed.

---

[4] In fact, the evidence is that Bald Knob's principal signed the extension of the listing agreement as president of that company. Further, there is no evidence in the record from which we could infer that he signed that agreement on behalf of the debtor in possession.